UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY A. BURNHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV768  RWS |
| | ) | |
| KENNETH SUMMERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Kimberly Burnham filed this lawsuit in state court.  Her petition alleges that she

was crossing a street when she was struck by a vehicle negligently operated by Defendant

Kenneth Summers.  Her lawsuit seeks recovery for her personal injuries.  Summers removed the

case to this Court.  Burnham seeks a remand.  Because Summers was on notice that the amount

in controversy was in excess of $75,000 when he received service of the lawsuit, removal to this

Court more than thirty days after service was untimely.  Burnham's motion to remand will be

granted.

*Background*

On September 16, 2007, Burnham, a resident of Missouri, was crossing a street in

downtown St. Louis, Missouri when she was struck by a tow truck operated by Summers, a

resident of Illinois.  Burnham sustained significant injuries and was transported to the hospital

where she spent several days in the surgical intensive care unit.  She incurred medical bills in

excess of $40,000 and lost wages in excess of $1,600.

On April 18, 2008, Burnham's counsel sent a settlement demand letter to an auto liability

adjuster for the Illinois Department of Central Management Services (although unstated in the papers this entity apparently provided coverage for Summers' alleged negligence). The letter outlined Burnham's injuries and damages, itemized her medical bills and lost wages, and made a settlement demand in the amount of $350,000. In her motion to remand, Burnham asserts that "Defendant received a settlement demand letter on April 23, 2008 which demanded a $350,000 settlement, thus notifying him of the amount in controversy." In his response brief Summers does not contest that he received a copy of that letter in 2008.

On October 21, 2008, Burnham filed suit against Summers for her injuries in the Circuit Court of the City of St. Louis, Missouri. The state court petition itemized damages in the form of medical bills in excess of $40,000 and lost wages in excess of $1,600. The prayer of the petition seeks a judgment the will "fairly and justly compensate her for her injuries and damages suffered ..."

On February 7, 2009, Summers was served with process. On May 18, 2009, Summers removed the lawsuit to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Summers asserts that the state court petition did not put him on notice that the amount sought exceeded $75,000. In removal papers Summers asserts that the first time he knew that the amount in controversy was in excess of $75,000, and thus removable to federal court, was on April 26, 2009 when his request for admission that Summers was seeking in excess of $75,000 was deemed admitted by Summers' failure to respond to the request.

Burnham filed a motion to remand asserting that Summers was on notice of the amount in controversy based on the 2008 demand letter.

*Legal Standard*

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). See also In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. at 183.

To invoke diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When the amount in controversy can be determined with complete accuracy, as in cases involving liquidated damages or statutory limits on damages, a federal court should only dismiss the complaint if it appears to a legal certainty that the claim is really for less than the jurisdictional limit. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

More often than not, however, cases removed from state court do not allege a specific amount of damages. Instead, the cases simply allege that the damages are in excess of the state circuit court's jurisdictional minimum. Frequently, such pleadings do not clearly indicate whether the amount in controversy meets the federal jurisdictional limit of greater than $75,000. When a remand is sought in these cases, the burden falls upon the party opposed to remand to establish that the amount in controversy exceeds $75,000. That party must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and

proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.  Id.  See also Bell, 557 F.3d at 956 (party seeking to remove must establish requisite amount by a preponderance of evidence and, once established by a preponderance, remand is only appropriate if plaintiff can establish to a legal certainty that the claim is for less that the requisite amount).

A case must be removed to federal court within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(a).  If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant of a paper from which it may first be ascertained that the case has become removable.  28 U.S.C. § 1446(b).

*Discussion*

In the present case the parties do not dispute that they are citizens of different states.  The jurisdiction dispute concerns when Defendant should have been put on notice that the amount in controversy exceeded $75,000.

In his brief in opposition to remand Summers does not contest that he received the April 18, 2008 demand letter seeking a $350,000 settlement.  In opposing remand, Burnham asserts that a demand letter should not be used as a basis to establish the jurisdictional threshold of damages.  Summers also argues that to invoke diversity jurisdiction a defendant must establish by a "legal certainty" that the amount in controversy exceeds $75,000.  That is not the standard in removal cases.  The party seeking removal need only establish the amount in controversy by a preponderance of the evidence.  See Kopp v. Kopp, 280 F. 3d at 885 and Bell, 557 F.3d at 956 .

Moreover, settlement demands can be used by courts in weighing whether a removing

defendant has established by a preponderance wether the amount in controversy has been met.

Summers cites to <u>Corlew v. Denny's Restaurant, Inc.</u>, 983 F. Supp. 878 (E.D. Mo. 1997) for the

proposition that a settlement figure sought in a demand letter is not sufficient evidence to

establish the jurisdictional minimum.[1]  In that decision United States District Judge Charles

Shaw did not state that demand letters were never to be considered, rather he opined that "the

mere existence of a settlement demand is not <u>dispositive</u> of the issue of the jurisdictional

amount."  <u>Corlew</u>, 983 F. Supp. at 880 (emphasis added).  Courts can and do consider demand

letters in determining whether the jurisdictional amount threshold has been met in removed

cases.  <u>See</u> <u>Williams v. Safeco Ins. Co. of America</u>, 74 F. Supp.2d 925, 929 (W.D. Mo.1999)

(thirty-day time limit for filing a notice of removal commenced on date of service based on

defendant's actual knowledge of amount in controversy by virtue of demand letters sent by

plaintiff to defendant before action was commenced); <u>Turner v. Baker</u>, 2005 WL 3132325, *1

(W.D. Mo. 2005)(same).

In the present lawsuit, Summers was undisputedly aware that a $350,000 demand had

been made at the time he was served with process on February 7, 2009.  In addition, the petition

itself should have put Summers on notice that the amount being sought was in excess of $75,000

based on the itemized medical expenses incurred by Burnham in excess of $40,000.  It is

common in personal injury litigation for pain and suffering damage awards to equal two to three

times a plaintiff's medical expenses.  Even if Burnham recovered pain and suffering damages in

an amount equal to the medical expenses she alleged in her petition the federal jurisdictional

---

[1] Summers' brief quotes Judge Shaw's opinion as stating that "a demand letter is not sufficient evidence to establish the existence of the jurisdictional minimum."  I note that the opinion does not contain that quote.

limit would be surpassed.

Considering the demand letter and the face of the pleadings I find that Summers was on notice that the amount in controversy exceeded $75,000 at the time he was served with this lawsuit. His removal of the case to this Court more than ninety-seven days after he was served was untimely. As a result, I will grant Burnham's motion to remand this matter to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Kimberly A. Burnham's Motion to Remand [#11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2009.